Pursuant to § 10-76h (e) of the General Statutes the plaintiffs Norbert and Valverdina Lux appeal from the decision of a hearing panel of the defendant state board of education concerning a special education program for their son, David Lux. David Lux is a minor child residing in the town of Fairfield. All parties agree that David is an exceptional child, as defined by § 10-76a
of the General Statutes, and that he requires special education. As early as 1963, David was evaluated and diagnosed, and the Fairfield school board has consistently recognized his need for special educational services.
David first attended the Crossroads School, a special learning disability nursery school. After a brief period in the Fairfield public schools, the Fairfield planning and placement team, along with Mrs. Lux, agreed, with state approval, to send David to the Foundation School in the fall of 1967. From 1967 until 1971, Fairfield continued David's placement at the Foundation School and paid all the expenses as required by § 10-76d of the General Statutes. *Page 259 
In the spring of 1971, Fairfield personnel reviewed David's program and found that the Foundation School program had enabled David to progress at such a rate that the Fairfield public schools could then provide a learning disabilities program for him.
Fairfield's recommendation that David be placed in a full-time, self-contained learning disabilities class of eight youngsters on an elementary level, with the possibility of being phased out, was rejected by David's parents, who returned David to the Foundation School on a private basis and assumed the costs of the private school program. In the spring of 1972, Fairfield was asked to reevaluate and review the placement decision. After an evaluation the planning and placement team again made a recommendation that David be returned to the Fairfield public school special education program. The plaintiffs again rejected that recommendation and again unilaterally continued David's enrollment at the Foundation School.
In the spring of 1973, the family requested a reevaluation and review which again led to the recommendation that David be placed in a Fairfield public school learning disability program at the junior high school level. Following that decision, and pursuant to § 10-76h (a) of the General Statutes, the parents for the first time requested a hearing before the Fairfield board of education. A hearing was held on October 3, 1973, and the local board decided that David be returned to the public schools. The plaintiffs appealed that decision to the state board of education. On December 11, 1973, a hearing was held before the special education hearing board of the state department of education.
On January 23, 1974, the hearing panel issued its decision upholding the Fairfield board's decision *Page 260 
that David Lux be educated in the Fairfield public schools and recommending certain revisions in the program which Fairfield had proposed for David. The plaintiffs appeal from that decision and seek reimbursement for the expenses they incurred in educating their child at the Foundation School during the school years of 1971-1972, 1972-1973 and 1973-1974.
In response to the plaintiffs' request for review, the state board assembled a hearing panel of persons knowledgeable in the fields and areas significant to that review, three from outside the state board and a non-voting chairperson from the state board. A full hearing was provided the parties in interest in this matter. No person who served as a hearing panel member had participated in any previous diagnosis, evaluation or prescription of educational programs for David, nor was any panel member a member of the board of education of the school district under review.
In its finding the panel noted: "On the basis of all the evidence adduced through exhibits, expert witnesses, examinations and related testimony the panel finds:
"1. The tests that were administered, the reports, diagnoses and evaluations furnished were of usable level for determining an educational program for David by the Board.
"2. That David is in need of, and can substantially benefit from an educational program designed especially cognizant of his physical, psychological and educational levels of attainment and learning receptivity.
"3. That an educational program fully suitable for David has not been established. *Page 261 
"4. That the Board has the facilities and staff, if it complies with the order of the panel, to meet the educational program to which David is legally entitled under said Section 10-76a to 10-76g inclusive.
"David can be programmed in the Board's learning disability class at the junior high. The program of the Board is adequate for David's educational needs. There is agreement by the panel that his diagnosis is of a severe language disability with multiple perceptual problems. The mandate of the P. L. 10-76a — h is being met in the Board's program."
Immediately following the finding twelve recommendations were outlined which were designed to implement a smooth transition from the Foundation School to the public schools.
To support their contention that the Fairfield board of education had not prescribed a suitable program for David, the plaintiffs point to finding three which states "[t]hat an educational program fully suitable for David has not been established." Relying on the above finding, the plaintiffs challenge as erroneous the apparently contradictory subsequent conclusions of the state board that the program of the Fairfield board of education is adequate for David's educational needs, and that the mandate of §§ 10-76a through 10-76h is being met in the Fairfield board of education programs.
There is no contradiction between finding three and the board's conclusions. It is clear from the facts of this case that the Fairfield board of education did not have the opportunity to establish a fully suitable program for David because of his parents' insistence on educating him at the Foundation School. *Page 262 
Fairfield did provide a suitable program which the state board of education simply improved by recommending certain changes. Those recommendations are not evidence that Fairfield's prescribed program was not suitable so as to mandate private school placement. There was a valid finding of suitability with suggestions by the hearing panel to improve further the program for the present and for the future. A salute is extended to the state board for its excellent choice in selecting a fair and impartial hearing panel. That a searching, thorough and painstaking study was made of the issue involved here is clearly apparent from reading the panel's decision. The hearing panel, in finding that Fairfield did provide a program suitable for David, acted fairly, with proper motives, upon valid reasons and not arbitrarily.
In the spring of 1971, and again in the spring of 1972, the Fairfield authorities attempted to fulfill their obligations to David by recommending that he be educated in a learning disability class within the Fairfield public schools. The parents rejected, upon their own volition, the proposed suggestions and returned David to the Foundation School on a private basis in the fall of 1971 and in that of 1972. In neither instance did the parents request a hearing by the local board of education pursuant to § 10-76h
to review the diagnosis and to evaluate the special educational program which would be provided for David in the public school system. It is evident that the Fairfield school board did not have the opportunity to provide a special program for David because his parents unilaterally decided to maintain their child at the Foundation School.
It was not until 1973 that the plaintiffs requested a hearing before the Fairfield board of education, and it was only from the October 3, 1973 local board hearing and subsequent decision, which pertained *Page 263 
only to the 1973-1974 school year, that the appeal to the state board of education was made. The state board of education had no authority to review any programs prescribed for the 1971-1972 and the 1972-1973 school years. It had no authority to order any reimbursement of expenses for those years. There was nothing arbitrary, illegal or in abuse of discretion in the defendant's failure to order reimbursement of expenses for the 1971-1972 and 1972-1973 school years, as the defendant could not consider the programs for those years since the appeal was only for the 1973-1974 school year.
Concerning the failure of the state board of education to order the Fairfield board of education to reimburse the plaintiffs for the educational expenses they incurred for the 1973-1974 school year, subsections (d) and (e) of § 10-76h contain the provisions which outline the authority granted the state hearing panel by the legislature. The board is required to act in accordance with § 10-76h (e) which states: "The hearing board shall have the authority to confirm, modify, or reject any diagnosis, evaluation, educational program prescribed, or exclusion or exception from school privileges and prescribe alternate special educational programs for the child. . . ." The statute does not authorize the hearing board to order the reimbursement of expenses for past years, although the board can prospectively order that an exceptional child be placed in a private school. The determination of who must bear the expense is separate and apart under § 10-76d (d) of the General Statutes.
Section 10(6) of the guidelines issued by the state department of education concerning §§ 10-76a
through 10-76g of the General Statutes provides as follows: "6. ATTENDANCE AT NON-PUBLIC SCHOOLS. Another source of misunderstanding is related to a child's attendance at a private school under Sec. *Page 264 10-76d. Steps should be taken so that parents understand that the board is obligated to offer a special education program to eligible handicapped children in accordance with State Board regulations, but thatunilateral action by the parent in placing a childin a private school does not constitute a board commitmentfor the cost of such program. However,inaction on the part of the board in response to a parent request for a special education program does not relieve the board of its responsibility for providing a satisfactory program for the child; if private placement is found to be necessary and appropriate under Sec. 10-76, the board's obligation may include special education costs incurred during the period pending board action." (Emphasis added.)
The above guideline does stress that unilateral action by a parent in placing a child in a private school does not obligate a local board of education to reimburse the parents.
The plaintiffs did not request the Fairfield board of education to provide an adequate program for their child for 1973-1974. When the Fairfield board of education attempted to fulfill its statutory obligation to David by recommending that he be placed in a learning disability class in a public school, the plaintiffs refused and insisted on maintaining their child at the Foundation School on a private basis. The Fairfield board of education was not guilty of inaction in David's case and cannot be obligated to reimburse the plaintiffs. Further, the state board decision is supported by substantial evidence. The transcript of the hearing before the state board supports the finding that the Fairfield public school system has the facilities and staff to meet the educational program to which David is legally entitled under §§ 10-76a to 10-76g of the General Statutes.
 The appeal is denied.